LP. We are asking the court to overturn the ruling of the lower court which invalidated a foreclosure sale of forfeited property and, in fact, ordered the deed of trust that was foreclosed upon voided. Why don't you speak right up so we can hear you real clearly. There was an issue that came up recently, the mootness issue that the United States has raised by a letter sent to this court a few days ago, and if the court would prefer I could address that initially. I think it's the appropriate thing to address first. The representation from the government is that you didn't seek a stay or a bond. That's correct. Property's been sold. That's correct, Your Honor. To the bona fide or third-party purchaser? I don't know if they're a bona fide purchaser or not, Your Honor. They're a third party. They are a third party. That's correct. But U.S. Marshall did sell the property, as far as I can tell. I don't dispute that. I don't believe that moots this case, though. Tell us why. Because, for one thing, if the order is overturned, then that means that this deed of trust was, in fact, valid and the foreclosure was valid, meaning that Washington Mutual gave title to my client, which took title away from the U.S. If that's a valid order, if that's a valid sale, then the sale to the third party was a wild deed. There was nothing to convey. However, even if it was to BFP and if that BFP status is enough to validate the deed, I believe that this case would still continue as to the proceeds of the sale. The United States has stated the amount that it received on the closing of that sale, and those proceeds are essentially, as with a forfeiture case, or a race that can be followed from this property. So I believe if the dispute has moved from this real property, it still would continue as to the proceeds of the sale. Okay. Before I address the argument, I'd like to point out to the Court there are two errors in my brief that I want to bring to your attention. I had cited mistakenly an earlier version of 881 of Title 21. There is actually a quote in there of a clause that is no longer in effect that refers to an innocent purchaser. I don't believe this materially affects any of the arguments, but I wanted the Court to be aware of it. I was not trying to misrepresent what the statute says. There is still an innocent owner defense set forth in the statute. It's just been moved to a different subsection. Briefly, there are two main issues that this case addresses. One is whether Washington Mutual's interest as a holder of a deed of trust was appropriately recognized and survived the forfeiture to the United States. The second one is if it did, was the foreclosure sale valid? Now, our position has been that the United States, having recognized, and as you know, there were two parallel actions for forfeiture proceeding here, a criminal case and a civil one. In the civil case, Washington Mutual's lien was not mentioned in the final order. In the criminal case, it was, and the United States had submitted a petition to have the property forfeited to it, subject to the rights of Washington Mutual. And in fact, the United States, when it did sell the property to the third party, actually paid off the lien of Washington Mutual and so has continued to recognize it along the way, except for during the motion and during the arguments before the district court, where it said suddenly that Washington Mutual didn't file an appropriate petition in response to the notice of forfeiture and therefore had no claim to the property. And as a result of that argument, the district court went ahead and said, well, that order that I entered was wrong and it didn't have an interest, so there's nothing to foreclose on. I submit that because of the United States' position all along in this case, recognizing Washington Mutual, Washington Mutual's interest did survive the forfeiture action. And in fact, the forfeiture action concluded with a final amended order which recognized the validity of Washington Mutual's lien. Now, the case, the Court invalidated the foreclosure sale in part by relying on a section of the statute, 853K2, which prohibits any pending action from going on during a forfeiture proceeding if that action seeks to determine an interest in the property. And the reason is, of course, Congress intended the forfeiture proceeding to be the exclusive means during the pendency of a forfeiture of determining an interest in the property. So that's the purpose of 853K. 853K, and by its terms it says it governs or refers to a property subject to forfeiture. It doesn't refer to property that has been forfeited. I would submit that in this case, once the final amended order of forfeiture was signed and entered, the property was no longer subject to forfeiture that had been forfeited and there existed a lien pursuant to that order in favor of Washington Mutual. And at that point, the United States became a mere property owner with fee interest subject to a deed of trust. And when that deed of trust wasn't performed, they exercised their rights under the contract, the deed of trust, and instituted a foreclosure proceeding, a nonjudicial foreclosure proceeding pursuant to a private contract and foreclosed on the property. And that is where my client came into the picture. They purchased it. I'm suggesting that if the mortgage company were the party complaining here, that it would have a right to the profits on the sale from the foreclosure even after the property is forfeited. That's what you seem to be claiming. So that they have not only the right to have their lien paid, they have the right to pursue any remedy that they had when they were the owner. In other words, you take away their rights by the forfeiture, but you're saying that leaves to the lender the right to foreclose? At the time the forfeiture order was entered, the United States was vested with the title of the real property. But pursuant to that order, it was subject to the lien of Washington Mutual. So Washington Mutual didn't own the property and wasn't entitled to anything except for payment on the deed of trust. So they're entitled to a lien, but you're saying that lien included some way the right to foreclose. That's correct, Your Honor. The terms of the deed of trust itself gave a contractual right to Washington Mutual, not to institute an action. And when it was foreclosed, they would retain any profit over and above the mortgage. No, that's not correct, Your Honor. The foreclosure proceeds are actually subject to distribution pursuant to a statutory scheme in California. The lien holders paid off their lien. The subsequent proceeds are paid in a certain order, first to subsequent lien holders to taxes, anything else that existed that's prior. Then the balance actually goes to the fee owner. So if there were excess proceeds on the foreclosure sale, it would have ultimately gone back to the government, not to the lien holder. Well, then how do you have some greater right than the lien holder had? I don't believe we do have a greater right, Your Honor. We would have acquired the property that was held by the trustee under the deed of trust. And as any purchaser at foreclosure sale, we would have acquired clear title of that property, having paid for it what the price was set by public auction through the bidding process. So as a result, my client would receive it free and clear, as with any foreclosure or nonjudicial foreclosure in California, subject, of course, to any prior liens. But they don't have a greater right at that point. They would have bid what should have been an approximate fair market value at a distressed sale, and they would have paid excess proceeds. In this case, they did, Your Honor, and those proceeds should have been distributed out on the order of priority, and then ultimately, if any excess proceeds were left, to the fee owner, which would have been the United States. So my client paid consideration for the property, and the consideration was set by bidding at the private, at the nonjudicial foreclosure sale. But the property at that point had already been forfeited before the actually I have the times correctly. Your Honor, I agree. I agree that an order, a final binding order of forfeiture had been entered, and that binding order of forfeiture said that it was subject to Washington Mutual's interest. And Washington Mutual interest is defined by the terms of that deed of trust, and the deed of trust necessarily includes a power of sale. So when they foreclosed on the deed of trust, it wasn't an action or proceeding, which is what 853K is designed to enjoin during the pendency of a forfeiture proceeding. It was a private contract right, a nonjudicial foreclosure sale. So once the forfeiture action was concluded, 853K had no application. It was just property owned by the U.S. subject to a deed of trust. And the Supremacy Clause has nothing to do with this action. The U.S. cited the Rust case, which referred to the foreclosure by the City of Los Angeles of a municipal street bond. And the reason that sale was set aside was because it was the City of Los Angeles foreclosing under a statute. And that case itself distinguished the case, the situation with a deed of trust having a private contract, private right of sale by nonjudicial foreclosure. Did you want to save any time for rebuttal? You're down to 25 seconds. Your Honor, I'll submit. You don't want to? I have only 20 seconds, so I won't reserve this one. Well, you never know what's going to be said. I would like to reserve at least a minute, a minute. You'll have 20 seconds. 20 seconds. Thank you, Your Honor. Counsel? Good morning, Your Honor. It's Stephan Casella from the Department of Justice for the United States. I'll address the mootness question first, Your Honor. I hope the case is not moot, but I fear that it may be, and that's why I thought I had the obligation to bring it to the Court's attention. The statute under which we operate, 853 N7, says that when there's a final order of forfeiture, the government has clear title to the property and can warrant such clear title when selling the property. There was no obstacle to the enforcement of the order of forfeiture in this case. The order setting aside the foreclosure sale was not stayed. The United States had clear title. The marshals warranted clear title, sold the property to a third-party purchaser. And if mootness means that the Court has no power to grant the relief that the appellant is seeking, then this case may be moot. And so that was why I brought the matter to the Court's attention. What happens to the, my understanding from your letters, the property sold for about $380,000, and that Washington Mutual has been paid a little over $63,000? Correct, the amount of their lien plus interest. And the balance was deposited into the Assets Forfeiture Fund, which is a fund established by Congress. It basically became the property of the United States. That money two years ago was deposited there. It has been since appropriated out and spent. Of course, the government has a deep pocket. We still have money. But that particular race has been dissipated. It depends on what Congress is doing, I guess. I take it the government doesn't have a dog in the fight between Wash Mutual and U.S. Financial over that $63,000? Correct. We paid off the lien. Washington Mutual was satisfied. And that was the end of the matter as far as we were concerned. Would the district court on any kind of remand have the authority to deal with a dispute if there is one between Wash Mutual and U.S. Financial over those monies? I don't know that it would, Your Honor. It would be collateral, certainly, to this order of forfeiture. The matter before this district court was the U.S.'s interest in the property that has been disposed of finally. And I cannot think of a forfeiture case where a collateral dispute among third parties was then litigated before the same court. This was an action, Your Honor, by the United States to forfeit property that was used to commit a drug offense. And the statute authorizing the forfeiture in those circumstances is very detailed and comprehensive. It sets forth step-by-step procedure which the court and the parties must follow in order to consummate the forfeiture and ultimately to dispose of the property by sale. The district court followed those steps in this case and ultimately issued an order of forfeiture, giving title to the property to the United States subject to Washington Mutual's lien and ordering the marshal service to take possession of the property and to sell it. Now, in the normal course, according to the statute, what would have happened is that the marshals would have sold that property and paid off the lien. But before that could happen in this case, Washington Mutual exercised self-help, conducting a foreclosure sale and selling the property to the appellant. Is it the government's position that Washington Mutual had notice of the government's interest before it did that? Yes. Washington Mutual definitely had notice of the government's interest in several ways. There was a notice of the forfeiture in the civil case that was sent to Washington Mutual. There was also notice of the preliminary order of forfeiture that was sent to Washington Mutual. That is, the preliminary order of forfeiture in the criminal case. Washington Mutual filed no claim in response to either notice. But they later filed – you permitted them to file a late claim, as I recall. Well, it was not – as I understand it, Your Honor, they never filed a claim. But the government noticed that they had an interest during a title search. And recognized the interest. And recognized the interest. Rather than waiting for a claim. That's correct. Probably the time for filing a claim had expired, actually. The government, nevertheless, recognized the interest. Procedurally, that probably wasn't the right way to do it. The government is not in the business of trying to forfeit the interests of innocent lien holders. The better way to have done that would have been simply to recognize the lien pursuant to our policy on recognition of liens through the remission process. Rather than have the court recognize a lien in a proceeding in which no claim had been filed. Because that would not have been what the statute provided. But in any event, the objective was to recognize the lien. And that was done, as illustrated by the ultimate sale of the property. But we don't know whether they got notice of the civil one or the criminal one. No, they got notice of both, Your Honor. And both – I know what you mailed. But it wasn't mailed in accordance with California law. No. The civil one. It had some problems with the mailing. As I understand it, Your Honor, it was mailed. The return receipt from the Postal Service was received. It's in the record. The only dispute has to do with whether it should have been mailed to the legal department versus another department of Washington Mutual. Or under the civil one, it had to be mailed to the agent for service. I don't believe that's the law, Your Honor. The notice requirement is a due process requirement that comes from the Supreme Court's decisions in central Moline – Moline v. Central Hanover Bank and Duesenberg v. the United States. And it's a notice provision that has to do with making sure that notice is received in accordance with due process. It's not a service requirement. I recognize that. In any event, the foreclosure sale was recognized by Washington Mutual to be invalid. But the appellant does not so recognize it. They realize that they paid less than half fair market value for the property. And they're seeking the enforcement of that even though the foreclosure sale was in disregard both of the order of forfeiture itself and of the comprehensive detailed procedure that Congress has set forth for litigating and disposing of property in cases of this kind. And there are several reasons, grounds on which this Court could rule in favor of the government in affirming the order of the district court. First, the court as – this court as the district court held could rule that the Washington Mutual no longer had any interest in the property at the time of the foreclosure sale because that interest had been extinguished previously by the civil order of forfeiture. Second, there's a federal statute cited in our brief, though miscited and I'll correct it now. It's 28 U.S.C. 2409A, not 4409A as appears in our brief, which says that any action against the United States must be done pursuant to that statute when foreclosing on real property. This court did not reach that issue in its decision in the Round Hill Drive case, but Judge Hawkins' decision does in a footnote list the cases that have so held that foreclosure against the government is barred other than by that statute. And also, of course, as was mentioned by counsel, in Rust v. Johnson, this court recognized that the – there are times when state litigation must give way to federal law when the state legislation is inconsistent with and is obstructing a federal purpose. Third, this – even if the foreclosure were allowed in this case, it was not done properly. The service of the foreclosure matter was not given to the United States Attorney's Office. It was delivered only to the marshal service. And so it was invalid for that reason. Rule 4i of the Federal Rules of Civil Procedure is fairly clear that notice has to be served on the United States Attorney. Fourth, Washington Mutual never recorded the deed when they completed the foreclosure action. They realized that there was a procedural defect. They realized that they had made a mistake in conducting the foreclosure sale. They never delivered the deed. And California law, as I understand it, provides that a buyer, a successful bidder at a foreclosure sale cannot force delivery of the deed if the foreclosure took place in a way that was procedurally defective. We've already mentioned the fifth ground, which is that this court might find that this matter was moot. Let me turn to what I think is the most important element of this case. As the district court ruled, there is a federal statute, Section 853K, which specifically barred the foreclosure action in this matter. It says that a third party cannot commence any action in law or equity against the United States in derogation of the government's interest in property subject to forfeiture. As the Fourth Circuit held in the Phillips case, a foreclosure action of this kind is in action against the United States and is specifically barred by the statute. Not only that, not only does 853K bar this particular type of foreclosure proceeding, but Section 853G gave the district court the power to protect not only the government's interest in the forfeited property, but also to protect the integrity of its own order and the integrity of the judicial process that is set forth in the statute. And Section 853G unequivocally applies to property that has been ordered forfeited, past tense. It does not only apply to pending cases. I mean, I disagree with my colleague with respect to whether or not this was a completed case or a pending case anyway, because until the marshals actually sold the property, the case was still pending. It was still subject to the active order of forfeiture, and the case was still alive, and the property was still, quote, unquote, subject to forfeiture. But in any event, 853G was enacted specifically as part of this statutory scheme, this orderly process that Congress has ordained to make sure that a court could protect the integrity of its order. If the Court looks at the statute, subsections G, H, I, K, and N all set forth a procedure which Congress intended to be the exclusive means of resolving matters of this kind. Roberts. On that note, you're out of time.  Thank you, Your Honor. Thank you for your argument. You have 20 seconds for rebuttal, counsel. Three points. The first one, 853G deals with the administration of property that has been forfeited. Two, after a forfeiture order, a final order is entered, the case property is forfeited, and those rules don't continue to apply to it. The right of Washington Mutual was recognized. They had a right to all of the rights under the deed of trust, including the right to a nonjudicial foreclosure sale upon nonpayment. The last issue, Washington Mutual has not recognized the invalidity of the foreclosure. Their position in this case has been, as long as our lien is safe, we don't care what you do. That's all I have, Your Honor. Thank you very much. Thank you very much. Thank both counsel for their argument. The case just argued will be submitted for decision, and we'll proceed to the next argued case on the calendar. Are counsel present for Hood v. Encinitas Union School District?
judges: Kennedy , Hall, Hawkins